UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

)
KAREN YADIRA RODRIGUEZ )
GUTIERREZ, on behalf of herself and )
on behalf of her child, J.G., et al., )
)
      Plaintiffs, )
)
      v. )     Civil Action No. 18-1958 (PLF)
)
U.S. DEPARTMENT OF HOMELAND )
SECURITY, et al., )
)
      Defendants. )
_____)

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiffs' Motion for Testimony and Attendance of Minor Child [Dkt. No. 20]. The Court also has before it the defendants' opposition [Dkt. No. 22] to the motion and a further memorandum in support of that opposition [Dkt. No. 23] that has been filed under seal.

Plaintiffs seek to have J.G., the minor child and subject of the complaint in this case, brought from California to the District of Columbia to testify at the preliminary injunction hearing scheduled for this Thursday, September 20, 2018. Plaintiffs also request that subpoenas be issued to Crittenton Services for Children and Families ("Crittenton") and to the Office of Refugee Resettlement ("ORR"), who is responsible for J.G.'s placement in that facility, requiring that they produce J.G. for the hearing and that Crittenton and an ORR representative also appear and testify at the hearing. Defendants oppose the motion, arguing that this Court has no jurisdiction to consider the habeas challenges brought by J.G. because the head of the facility

where he is held (which is in California) is the proper custodian, not the Attorney General or any other official located in the District of Columbia. They also argue that any testimony by J.G. would need to be supplemented by testimony from his therapists at Crittenton and Federal Field Specialist Richard Zapata, who has already filed a declaration in this case. They maintain that any such testimony, if needed at all, should be heard in California.

In view of these arguments and the information contained in the sealed memorandum [Dkt. No. 23], and without deciding issues relating to this Court's jurisdiction in this matter at this time, the Court is persuaded that it would be disruptive to everyone concerned (including J.G.) and not in the best interest of J.G. to require his presence in the District of Columbia for a hearing this week. Furthermore, in view of the representations made in Docket No. 23, it appears that this entire matter may soon be moot. For these reasons, it is hereby

ORDERED that plaintiffs' Motion for Testimony and Attendance of Minor Child [Dkt. No. 20] is DENIED.

SO ORDERED.

DATE: September 17, 2018

_____
PAUL L. FRIEDMAN
United States District Judge

2